## CIRCUIT COURT OF SCOTT COUNTY

Cora Bobrosky

v.

Martha Hood Bledsoe et al.

July 15, 1996

Case No. CL96-29

BY JUDGE FORD C. QUILLEN

The Court has reviewed the pleadings and heard oral arguments on the Motion for Judgment filed by the plaintiff, Cora Bobrosky, against Martha Hood Bledsoe, Robert C. Hood, individually, and James Williams, Administrator of the Estate of Bessie Hood, deceased, and an order was subsequently entered substituting Martha Hood Bledsoe as Administratrix in place of James Williams.

The Motion for Judgment deals with two types of actions. One deals with what was described in the oral argument as a misappropriation of a bank account. The second one deals with a written or oral agreement to make a will or deed. The defendants have demurred to both allegations, and both parties have filed written memoranda with the Court.

In reviewing the plaintiff's Motion for Judgment and the demurrer, the Court looked at all allegations as to whether or not they stated a cause of action.

> To state a cause of action, "the complainant must allege all the circumstances necessary for the support of the action and contain a full, regular, and methodical statement of the injury which the plaintiff has sustained with such precision, certainty, and clearness that the defendant may be distinctly informed of the specific grounds of the action." *Michie's Jurisprudence.*

In analyzing the first allegation dealing with the misappropriation of a bank account, the pleadings filed by the plaintiff state that Martha Hood Bledsoe and/or Robert Hood intentionally, wrongfully, and unlawfully misappropriated money belonging to the estate and paid money out to

Evelyn Duane Hood and Billy Clarence Bledsoe, not heirs of the estate. It was stated to the Court in argument that this was a misappropriation of a bank account; however, the Motion for Judgment does not allege that there was a bank account.

The allegation that the parties were a part of an illegal transaction in disbursing the property is not sufficient to inform the defendants nor the Court of the specific grounds of the action.

It is also noted for the record that if this is, in fact, a bank account, bank accounts are normally contracts between individuals and beneficiaries, and as a general rule, the contract with the bank would control the disposition of the bank account upon the death of the party, and also the distribution of any bank account or multi-party account would not be a part of an estate.

It is important that these allegations contain the date, time, place, and type of account or moneys involved, who had possession of these moneys, and other contractual arrangements which would be necessary to state a cause of action.

The second allegation deals with a much closer question because Virginia law allows in equity a promise to make a will or deed as a cause of action and allows such cause to proceed in spite of the Statute of Frauds. To overcome the Statute of Frauds, the parties must show by clear and convincing evidence a contract certain and definite in its terms, the act or performance referred to in pursuance of this agreement, and also that refusal of the full execution would operate a fraud upon the parties. The Court holds that these allegations of fact are not contained in the Motion for Judgment.

The court [cites to] the parties the cases of *Taylor v. Hopkins*, 196 Va. 571 (1954), and *Cannon v. Cannon*, 158 Va. 12 (1932).

The Court further finds that the plaintiff has not stated sufficient facts in regard to any written contract or given any details or produced the same, upon which an action could be based.

Wherefore, the Court sustains the demurrer and states that the plaintiff has failed to allege sufficient facts for which a cause of action can be pursued. The Court will likewise grant the plaintiff twenty-one days to file amended pleadings if she desires to proceed in this case. The court is withholding ruling upon the determination of the proper parties to bring said action or be defendants until a subsequent cause is filed.